## IN RE MODESTO VÁZQUEZ SUÁREZ, Respondent.

No. 105. Decided October 13, 1961.

---

*Sergio A. Peña Clós* and *S. L. Lagarde Garcés* for respondent. *J. B. Fernández Badillo, Attorney General,* and *R. Cruz Contreras* and *J. Segarra Olivero, Assistant Attorneys General,* for The People.

## ORDER

WHEREAS: The Attorney General of Puerto Rico filed a complaint against Modesto Vázquez Suárez, attorney at law, charging him with the following:

"On June 20, 1960, in the courtroom of the District Court of Puerto Rico, Gurabo Part, presided on that occasion by Judge Felipe Ortiz Ortiz, respondent Modesto Vázquez Suárez observed immoral conduct unbecoming an attorney at law, consisting in that he assaulted and injured his client, citizen Iván Luis Martínez Márquez, in front of the railing of the courtroom. Respondent's immoral and unbecoming conduct was detrimental to the prestige and dignity of the Court of Justice of Puerto Rico."

WHEREAS: This case having been referred to Plinio Pérez Marrero, Judge of the Superior Court, to act as "Special Master" and to hear and receive the evidence, duly certify and submit the same to this Court with his findings of fact, that magistrate, after the usual proceedings and the hearing, submitted his report finding proved the following facts:

"Respondent Modesto Vázquez Suárez is an attorney at law and was admitted to practice the profession on September 10, 1953. On May 16, 1960, Iván Martínez Márquez called at respondent's office in Caguas and engaged his services for $35 to represent him in a case of Aggravated Assault and Battery which was pending against him in the District Court, Gurabo Part, which was to be heard on the 19th day of that month.

for review filed by the tenants in the Superior Court. The order of the Superior Court, San Juan Part, of May 5, 1957, granting the petition for review, civil case 57-38, will be reversed.

Of the fees agreed upon Martínez advanced him $10, owing him $25. That same day of May 16 respondent filed a motion for continuance of the case. He did not see Martínez again until the following June 20 when he went to the Gurabo Court for the hearing of other cases which had been set for that day.

"That day he learned, through defendant, that the case had been set for that day and that the aggrieved party's mother was willing to compromise the case for $25. Respondent prepared a motion of compromise, and when the case was called in the morning he informed the court thereon, but the aggrieved party's mother objected until the $25 were delivered to her. Since defendant therein had only $15, District Judge Felipe Ortiz, who was presiding the session, ordered that the case be called again in the afternoon. After arguing with his client, respondent abandoned his original intention to file the motion of compromise and put it away in his brief case. The judge advised defendant to procure the money needed to complete the $25 and to go to Caguas the next day to proceed with the case, or to engage another person to make a motion of compromise.

"Respondent was of the opinion that his contract of professional services with his client had terminated before preparing the motion of compromise, since the latter had failed to pay him the remainder of the sum agreed upon ($25). When respondent withdrew the motion, Martínez demanded that he return the $10 which he had paid him and to file the motion. The session terminated then as announced by the marshal, although the judge remained within the railing talking with his secretary who was sitting to his right. In that very moment Martínez walked over to respondent and made the same demand to him. Martínez was standing between respondent and the courtroom exit. The discussion mounted and tension grew. Respondent refused to comply with Martínez' demand, and as he turned around to walk over to the railing Martínez, who insisted on his demand, pulled him by the coat. Thereupon respondent turned around and slapped and injured him on the face. The police intervened. The case was submitted to the magistrate for determination of probable cause, who ordered respondent's arrest for the offense of Aggravated Assault and Battery."

WHEREAS: The parties have informed that they have no objections to the Special Master's report.

700

WHEREAS: Having examined the evidence which the Special Master had under consideration, there is no doubt that the facts alleged in the complaint have been clearly established.

WHEREAS: The conduct observed by respondent in the incident referred to in the complaint was manifestly improper and unbecoming an attorney at law, injurious to the prestige, dignity, and good name of the district court and of the administration of justice, and in violation of Canon 1 of the Canons of Professional Ethics Governing the Conduct of Lawyers of Puerto Rico.

WHEREAS: On November 4, 1959 this Court suspended respondent for six months from the practice of the profession for conduct similar to that observed herein. *In re Vázquez,* 81 P.R.R. 620.

THEREFORE: After considering all the circumstances of the case, this Court decides to suspend respondent Modesto Vázquez Suárez, and does hereby suspend him, from the practice of law in our jurisdiction for a period of one year.

It is so ordered by the Court as witnesses the signature of the Chief Justice.